UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM STRICKLAND, | No.  2:22-cv-0898 DB P |
| Plaintiff, | |
| v. | ORDER |
| A. JENKINS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983.  Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening.  For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis and finds plaintiff has stated one cognizable claim for relief.  Plaintiff will be given the opportunity to either file an amended complaint or proceed immediately on the cognizable claim in his current complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

1   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

2   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

3   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

4   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

5   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

6   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

7   1915(b)(2).

8                                   **SCREENING**

9   **I. Legal Standards**

10          The court is required to screen complaints brought by prisoners seeking relief against a

11   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

12   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

13   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

14   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

15   U.S.C. § 1915A(b)(1) & (2).

16          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke

17   v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.

18   1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably

19   meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at

20   327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

21   arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal

22   Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the

23   pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and

24   the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

25   (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

26          However, in order to survive dismissal for failure to state a claim a complaint must contain

27   more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

28   allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

                                              2

U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

**II. Analysis**

**A. Allegations in the Complaint**

Plaintiff is incarcerated at Mule Creek State Prison.  He complains of conduct that occurred there in October 2021.  Plaintiff contends that while he was waiting for a door to be opened, Correctional Officer A. Jenkins ordered plaintiff to place his hands behind his back.  Plaintiff did so.  Jenkins then opened the front of plaintiff's pants, exposing plaintiff's genitals.  Jenkins stated, "Not bad for a white guy."

Plaintiff next alleges that after he filed a complaint against Jenkins, Jenkins entered his cell telling plaintiff he intended to search it.  However, rather than doing so, Jenkins handcuffed another inmate.

Plaintiff alleges Sergeant Junes refused to investigate plaintiff's complaint as a sexual assault, telling plaintiff "this is what happens when you make allegations against an officer." Plaintiff claims Junes then sent Correctional Officer Saechao to search plaintiff's cell in

retaliation for plaintiff's complaint against Jenkins.  In doing so, Saechao "tore up" plaintiff's cell.

## II.  Does Plaintiff State Cognizable Claims under 42 U.S.C. § 1983?

### A.  Sexual Assault in Violation of the Eighth Amendment

Plaintiff alleges defendant Jenkins' conduct amounted to a sexual assault in violation of plaintiff's Eighth Amendment rights.

The Ninth Circuit recently defined "sexual assault" for Eighth Amendment purposes.  A prisoner presents a viable Eighth Amendment claim where he alleges:

> that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner.

Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020).  The Ninth Circuit noted that "[t]his definition recognizes that there are occasions when legitimate penological objectives within a prison setting require invasive searches. It also accounts for the significant deference courts owe to prison staff, who work in challenging institutional settings with unique security concerns." Id. at 1144-45.

Thus, there are two components to this Eighth Amendment claim.  A prisoner must allege facts showing that, subjectively, the officer "act[ed] with a sufficiently culpable state of mind" - that is, "maliciously and with the intent to inflict harm." Wood v. Beauclair, 692 F.3d 1041, 1046, 1049 (9th Cir. 2012) (internal quotation marks and citations omitted).  Courts presume sufficient culpability if there is "no legitimate penological purpose for a prison official's conduct." Id. at 1050 (citations omitted).  In the present case, plaintiff's allegations indicate that Jenkins had no legitimate reason to open plaintiff's pants and expose his genitals.  These allegations satisfy the pleading standard for the subjective component of the Eighth Amendment test.

The second component of the Eighth Amendment claim is an objective one.  The alleged wrongdoing must be objectively "harmful enough." Wood, 692 F.3d at 1046.  Proof of a physical or psychological injury is not required; "[r]ather, the only requirement is that the officer's actions

4

be 'offensive to human dignity.'"  Id. at 1050 (quoting Schwenk v. Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000) ).  "[N]ot every malevolent touch by a prison guard or official gives rise to an Eighth Amendment violation."  John-Charles v. Abanico, No. C07-5786CW(PR), 2011 WL 738400, at *9 (N.D. Cal. Feb. 23, 2011).

Whether or not Jenkins' conduct was serious enough to meet the legal standard of "offensive to human dignity" is not a question that this court should resolve on screening.  On the facts stated, plaintiff may be able to prove that Jenkins' conduct offends human dignity under the Eighth Amendment.  Accordingly, this court will permit plaintiff to proceed on his Eighth Amendment sexual assault claim against Jenkins.

**B.  Conduct after the Alleged Assault**

It appears that plaintiff is attempting to allege that Jenkins' threat to conduct a cell search was done in retaliation for plaintiff's complaint against him.  To state a claim for retaliation in violation of his First Amendment rights, plaintiff must allege facts showing:  (1) a state actor took an adverse action against him (2) because of (3) his exercise of protected conduct, and that such action (4) chilled his exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  Plaintiff's allegations fail in several respects.  First, he does not make a connection between Jenkins' conduct and his complaint against Jenkins.  Plaintiff fails to show Jenkins intended to retaliate by threatening the cell search.  Second, plaintiff does not show that Jenkins took an adverse action against him.  Plaintiff does not allege Jenkins in fact conducted an unnecessary cell search.  To the extent plaintiff is attempting to allege that Jenkins' handcuffing of another inmate was an adverse action, he does not show how that was an adverse action directed against plaintiff.  Plaintiff's First Amendment retaliation claim against Jenkins will be dismissed with leave to amend.

With respect to the conduct of Junes and Saechao, plaintiff again fails to make any connection between his complaint against Jenkins and the cell search.  Plaintiff seems to assume that because the cell search occurred after he spoke with Junes, it must have been ordered for a retaliatory purpose.  He does not allege facts showing that Junes ordered the cell search or that

1    Junes did so to retaliate against plaintiff.  With respect to defendant Saechao, plaintiff also fails to

2    show Saechao intended to search and "tear up" plaintiff's cell for a retaliatory purpose.

3    Plaintiff's claims against Junes and Saechao will be dismissed with leave to amend.

4                                              **CONCLUSION**

5        This court finds above that plaintiff has stated one cognizable claim – that defendant Jenkins

6    violated his Eighth Amendment rights by sexually assaulting him.  This court further finds

7    plaintiff has failed to state any other claims.

8        Plaintiff has a choice.  He may proceed on his Eighth Amendment claims against Jenkins or

9    he may amend the complaint to attempt to also state other claims.  Plaintiff is warned that in any

10    amended complaint he must include ALL claims he wishes to proceed on in this action.

11        If plaintiff chooses to file an amended complaint, he must address the problems with his

12    complaint that are explained above.  Plaintiff is advised that in an amended complaint he must

13    clearly identify each defendant and the action that defendant took that violated his constitutional

14    rights.  The court is not required to review exhibits to determine what plaintiff's charging

15    allegations are as to each named defendant.  If plaintiff wishes to add a claim, he must include it

16    in the body of the complaint.  The charging allegations must be set forth in the amended

17    complaint so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff

18    need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a

19    short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

20        Any amended complaint must show the federal court has jurisdiction, the action is brought in

21    the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a

22    request for particular relief.  Plaintiff must identify as a defendant only persons who personally

23    participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v.

24    Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a

25    constitutional right if he does an act, participates in another's act or omits to perform an act he is

26    legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of

27    official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d

28    266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 4) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff has stated a cognizable Eighth Amendment claim against defendant Jenkins.

4.  Plaintiff's other claims are dismissed with leave to amend.

////

////

1    5.  Plaintiff may choose to proceed on his cognizable claim set out above or he may

2    choose to amend his complaint.  If plaintiff chooses to proceed on his cognizable claim, then

3    he shall voluntarily dismiss his remaining claims.

4    6.  Within thirty days of the date of this order, plaintiff shall fill out and return the

5    attached form indicating how he would like to proceed in this action.

6    7.  Plaintiff is warned that his failure to comply with this order will result in a

7    recommendation that this action be dismissed.

8    Dated:  June 29, 2022

9

10

11                                              DEBORAH BARNES
                                                UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23   DLB:9
     DB prisoner inbox/civil rights/S/stri0898.scrn lta or proceed
24

25

26

27

28

8

1

2

3

4

5

6                            UNITED STATES DISTRICT COURT

7                        FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9     MALCOLM STRICKLAND,                      No.  2:22-cv-0898 DB P

10                    Plaintiff,

11         v.                                  PLAINTIFF'S NOTICE ON HOW TO
                                               PROCEED
12    A. JENKINS, et al.,

13                    Defendants.

14

15    Check one:

16    _____    Plaintiff wants to proceed immediately on his Eighth Amendment claim for sexual

17             assault against defendant Jenkins.  By doing so, plaintiff voluntarily dismisses all other

18             claims in his complaint.

19

20    _____    Plaintiff wants to amend the complaint.

21

22    DATED:_____

23

24

25                                            _____
                                              Plaintiff Malcolm Strickland, Pro Se
26

27

28

                                                  9