Case 2:22-cv-00898-DAD-DB   Document 25   Filed 07/27/23   Page 1 of 8

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM STRICKLAND,<br><br>    Plaintiff,<br><br>    v.<br><br>A. JENKINS, et al.,<br><br>    Defendants. | No. 2:22-cv-0898 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a former state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983. Plaintiff alleges defendant Jenkins sexually assaulted him and all three defendants retaliated against him for complaining of Jenkins' conduct. Before the court is defendant Rich's motion to dismiss. For the reasons set forth below, this court will recommend Rich's motion be granted.

**BACKGROUND**

This case is proceeding on plaintiff's first amended complaint ("FAC"). (ECF No. 9.) Plaintiff is a former state prisoner. In October 2021, he was incarcerated at Mule Creek State Prison ("MCSP"). Plaintiff alleges that in October 2021 Correctional Officer A. Jenkins sexually assaulted him. He further alleges that Jenkins and Correctional Officers Janam and N. Rich unnecessarily searched his cell to retaliate against plaintiff for submitting a grievance against Jenkins.

1

1  On screening, this court found plaintiff stated potentially cognizable claims under the Eighth Amendment against defendant Jenkins and under the First Amendment against defendants Jenkins, Janam, and Rich.  (ECF No. 10.)

On March 16, 2023, defendant Rich filed the present motion to dismiss.  Rich alleges plaintiff failed to exhaust his administrative remedies with respect to his claim against Rich.  (ECF No. 21.)  Plaintiff filed an opposition (ECF No. 23) and defendant filed a reply (ECF No. 24).

**MOTION TO DISMISS**

**I. Legal Standards**

**A. Standard of Review on Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Godecke v. Kinetic Concepts, Inc., 937 F.3d 1201, 1208 (9th Cir. 2019) (citation omitted).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party."  Naruto v. Slater, 888 F.3d 418, 421 (9th Cir. 2018) (citing Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), amended on other grounds, 275 F.3d 1187 (9th Cir. 2001)).  However, the court need not accept as true allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  Sprewell, 266 F.3d at 988 (citations omitted).  Neither must the court "assume the truth of legal conclusions cast in the form of factual allegations."  Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008) (citation omitted).  The court may "generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters

properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted).

### B. PLRA Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Compliance with deadlines and other critical prison grievance rules is required to exhaust. Woodford v. Ngo, 548 U.S. 81, 90 (2006) (exhaustion of administrative remedies requires "using all steps that the agency holds out, and doing so properly"). "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' - rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88); see also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'" (quoting Jones, 549 U.S. at 218)).

Although "the PLRA's exhaustion requirement applies to all inmate suits about prison life," Porter v. Nussle, 534 U.S. 516, 532 (2002), the requirement for exhaustion under the PLRA is not absolute, Albino v. Baca, 747 F.3d 1162, 1172-72 (9th Cir. 2014) (en banc). As explicitly stated in the statute, "[t]he PLRA requires that an inmate exhaust only those administrative remedies 'as are available.'" Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (quoting 42 U.S.C. § 1997e(a)) (administrative remedies plainly unavailable if grievance was screened out for improper reasons); see also Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) ("Remedies that rational inmates cannot be expected to use are not capable of accomplishing their purposes and so are not available."). "We have recognized that the PLRA therefore does not require exhaustion when circumstances render administrative remedies 'effectively unavailable.'" Sapp, 623 F.3d at 822 (citing Nunez, 591 F.3d at 1226); accord Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to exhaust 'available' remedies persists as long as some remedy
////

remains 'available.' Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance.").

Dismissal of a prisoner civil rights action for failure to exhaust administrative remedies must generally be brought and decided pursuant to a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure. Albino, 747 F.3d at 1168. However, if the "failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Id. at 1166. "Nonexhaustion" is "an affirmative defense" and defendants have the burden of "prov[ing] that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Id. at 1171-72. A remedy is "available" where it is "capable of use; at hand." Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting Albino, 747 F.3d at 1171). Grievance procedures that do not allow for all types of relief sought are still "available" as long as the procedures may afford "some relief." Booth v. Churner, 532 U.S. 731, 738 (2001). If a defendant meets the initial burden, a plaintiff then must "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino, 747 F.3d at 1172. Remedies are "effectively unavailable" where they are "ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." Id. (quoting Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)). "[T]he ultimate burden of proof," however, never leaves the defendant. Id.

**C.  California's Grievance Procedures[1]**

Inmates may submit a written grievance containing one or more claims, subject to the requirements in section Cal. Code Regs., tit. 15, §3482, to dispute a policy, decision, action, condition, or omission by CDCR or CDCR staff. Cal. Code Regs. tit. 15, §§3481(a).[2] The grievance process has two levels of review. Id.

---

[1] New procedures for the submission of prisoner grievances became effective June 1, 2020 and were amended in 2021. Because plaintiff submitted the relevant grievance in 2022, these new procedures apply here and are described below.

[2] If the inmate wishes to complain of staff misconduct, those procedures can be found in Cal. Code Regs. tit. 15, §§3486-3486.3.

4

The inmate shall first submit a grievance in writing to the Office of Grievances ("OOG") at the prison where they are housed within 60 days of the date the inmate knew or should have known of the adverse policy, decision, action, condition, or omission. Cal. Code Regs. tit. 15, §§3482(a)(1), (b)(1). The inmate shall submit the grievance on a form 602-1, if available. Id. §3482(c)(1). In the grievance, the inmate shall "describe all information known and available to the claimant regarding the claim, including key dates and times, names and titles of all involved staff members (or a description of those staff members), and names and titles of all witnesses, to the best of the claimant's knowledge." Cal. Code Regs. tit. 15, §§ 3482(c)(2). The inmate shall attach "all supporting documents available." Id. §3482(c)(4).

Section 3483(g)(1)-(10) lists the range of decisions the OOG may make. The OOG must issue that decision within 60 days of the date the grievance was submitted by the inmate. Cal. Code Regs. tit. 15, §3483(g).

If the inmate wishes to appeal the OOG decision, they may do so in writing to the Office of Appeals ("OOA") within 60 calendar days of discovering the decision by the OOG. Cal. Code Regs. tit. 15, §3484(b)(1). The OOA shall issue a decision within 60 days of the submission of the appeal. Id. §3485(g).

**II. Discussion**

The relevant facts are not in dispute and are clear from the face of the FAC and the documents plaintiff attached to it. Plaintiff filed that initial complaint between May 17 and May 26, 2022.[3] (ECF No. 1.) Plaintiff did not identify Rich as a defendant in the complaint.

In his FAC, signed on July 7, 2022 and filed here on July 25, 2022, plaintiff added allegations that on June 8, 2022, defendants Jenkins, Janam, and Rich searched plaintiff's cell in retaliation for plaintiff's submission of a 2021 grievance against Jenkins. (ECF No. 9 at 4-6.)

---

[3] The complaint was filed in this court on May 26, 2022. However, under the "mailbox rule," the court considers the date a prisoner turns over his filing to prison authorities for mailing as the filing date. See Houston v. Lack, 487 U.S. 266, 270 (1988). Plaintiff did not file a proof of service so it is not clear when he provided his complaint to the prison for filing. Plaintiff signed the complaint on May 17, 2022. (See ECF No. 1 at 6.) Therefore, plaintiff ,must have provided his complaint to the prison for filing between May 17 and May 26. For purposes of the analysis herein, the precise date is not important.

1    Plaintiff attached a copy of a grievance to his FAC. (Id. at 8-11.) It is dated June 16, 2022. In
2    the grievance, plaintiff complained that Jenkins and Janam searched his cell on June 8, 2022. (Id.
3    at 10.) The documents attached to the FAC also show that in a document dated June 26, 2022,
4    the OOG informed plaintiff that his grievance was being investigated as an incident of staff
5    misconduct and that "This decision exhausts all administrative remedies available to you for this
6    claim." (Id. at 8.)

7          Plaintiff does not contest the fact that he did not identify defendant Rich in a grievance.
8    Rather, plaintiff argues that: (1) he was not required to name Rich in the grievance; (2) Rich was
9    directly involved in the conduct identified in the FAC; (3) he was not required to exhaust his
10   remedies against Rich because Rich's conduct occurred after plaintiff filed the initial complaint;
11   and (4) there was no "available or rational basis" to delay these proceedings in order to submit a
12   grievance against Rich. (ECF No. 23 at 3.) None of plaintiff's arguments provide a basis to
13   excuse him from the exhaustion requirement.

14         First, plaintiff is correct that he was not required to name Rich in the grievance. However,
15   if he did not know Rich's name, which he does not contend, California regulations required him
16   to "provide a description of" Rich. Cal. Code Regs. tit. 15, §§ 3482(c)(2). Plaintiff's grievance
17   did not. The grievance focused on defendant Jenkins. The grievance mentions defendant Janam
18   once: "[o]n 6/8/22 C/Os Janam and A. Jenkins came to search my cell." (ECF No. 9 at 10.) The
19   grievance did not indicate anyone else was involved in the cell search. It did not alert the prison
20   to any potential problem involving a third correctional officer. Cf. Griffin v. Arpaio, 557 F.3d
21   1117, 1120 (9th Cir. 2009) ("[t]he primary purpose of a grievance is to alert the prison to a
22   problem and facilitate its resolution . . ." (citing Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir.
23   2004)). The PLRA requires compliance with available state regulations in order to exhaust
24   administrative remedies. Jones v. Bock, 549 U.S. 199, 218 (2007). Plaintiff did not comply with
25   the regulations.

26         Second, plaintiff's allegation in the FAC that defendant Rich was involved in the June 8,
27   2022 search of his cell does not relieve plaintiff of the requirement that he exhaust his
28   administrative remedies against Rich. Exhaustion is mandatory absent a showing that the

administrative remedies were unavailable.  See 42 U.S.C. § 1997e(a) ("No action shall be brought . . . until such administrative remedies as are available are exhausted.");

Third, the fact that Rich's conduct occurred after this action was filed did not relieve plaintiff of exhausting his administrative remedies against Rich.  The "operative" complaint "is the only relevant pleading for purposes of the PLRA exhaustion analysis."  Saddozai v. Davis, 35 F.4th 705, 710 (9th Cir. 2022).  Here, the operative complaint is plaintiff's FAC filed between July 7 and July 26, 2022.[4]  Plaintiff concedes he did not complete the administrative grievance process against Rich before he filed the FAC.

Finally, plaintiff complains that the delay resulting from completing the grievance process rendered that process unavailable.  As defendant points out, plaintiff's argument is belied by the fact he submitted a grievance against defendants Jenkins and Janam for their conduct on June 8, 2022 and did not file his FAC until after he had fully exhausted his remedies with the prison system.  Moreover, that administrative process took only 20 days – plaintiff signed his grievance on July 16, 2022 and was told he had exhausted all of his remedies in the OOG's July 26, 2022 decision.  Plaintiff provides no reason why he was able to name Jenkins and Janam, but not Rich, in the July 16 grievance.

**III.  Conclusion**

From the face of the FAC and the attachments to it, it is apparent plaintiff did not file a grievance against defendant Rich prior to filing the FAC.  Plaintiff does not argue otherwise.  Accordingly, plaintiff has failed to exhaust his administrative remedies against Rich as required by the PLRA.   Defendant Rich should be dismissed from this action.

For the foregoing reasons, the Clerk of the Court IS HEREBY ORDERED to randomly assign a district judge to this case; and

IT IS RECOMMENDED that defendant Rich's motion to dismiss (ECF No. 21) be granted and defendant Rich be dismissed from this action.

---

[4] As described in note 1, supra, because plaintiff did not file a proof of service, the precise filing date for his FAC is uncertain.  However, the date range here is sufficient information for purposes of this court's analysis.  No exact filing date is necessary.

7

1  These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 26, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Civil Rights/S/Stri0898.partial mtd fr